**Kole MARTINI, Petitioner,**

v.

**Alberto R. GONZALES,\* Respondents.**

**No. 04–2741–AG.**

United States Court of Appeals, Second Circuit.

Jan. 19, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

**44**

Scott Keillor, Ypsilanti, Michigan, for Petitioner.

Bud Cummings, United States Attorney for the Eastern District of Arkansas, Stacey E. McCord, Assistant United States Attorney, Little Rock, Arkansas, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. DENNIS JACOBS, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Kole Martini, through counsel, petitions for review of the BIA decision affirming the immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA adopted only a portion of the IJ's decision, this Court reviews that decision as modified by the BIA's order. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the IJ's findings of fact under the substantial evidence standard. Accordingly, we will vacate findings that are based on flawed reasoning, misunderstanding of evidence, or erroneous legal standards. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307

(2d Cir.2003). On the other hand we will not reverse a finding (directing entry of the contrary finding), unless a reasonable adjudicator would be compelled by the evidence to reach a conclusion contrary to that reached by the IJ. *See* 8 U.S.C. s 1252(b)(4)(B).

In this case because the BIA's April 2004 order adopted and affirmed only the portions of the IJ's decision determining that Martini's experiences in Albania did not rise to the level of persecution and that Martini failed to present sufficient evidence of a well-founded fear of future persecution, this Court reviews only that portion of the IJ's order addressing those factual findings. Here, the IJ's factual findings were supported by substantial evidence. As the IJ correctly pointed out, Martini's allegation that he had been arrested once, detained for three days, and beaten was not, alone, sufficiently extreme to rise to level of past persecution under the INA. *See Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005) (citing *Eusebio v. Ashcroft,* 361 F.3d 1088, 1091 (8th Cir.2004)). The IJ also pointed out that Martini testified that, when he reported the anti-Catholic vandalism to the police, they investigated the incident. The IJ also correctly noted that Martini's claim that he would suffer future persecution if he returned to Albania was not supported by State Department reports on conditions and religious freedom in the country. Accordingly, there is nothing in the record that would compel a reasonable adjudicator to conclude that the IJ erred in denying Martini's claims for asylum and withholding of removal.

Finally, in regard to Martini's claim that the IJ erred in denying his claim for CAT relief, because Martini did not challenge the IJ's determination of his CAT claim, he failed to preserve the issue for judicial review, and this Court cannot consider it.

*See* 8 U.S.C. 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005).

We have considered all of the petitioners' claims and find them to be without merit. The petition for review is therefore DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).